**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALVARO ALEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-6322 |
| | ) | |
| THOMAS DART, et al. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alvaro Aleman filed this action pursuant to 42 U.S.C. § 1983 against Cook County, Thomas Dart, in his official capacity as Sheriff of Cook County, and various employees of the Cook County Department of Corrections.   Plaintiff alleges that Defendants failed to protect him from an assault by other inmates, and failed to provide adequate medical care following the assault, in violation of the Eighth and Fourteenth Amendments.   Before the Court is a motion to dismiss [43] the claims against Defendants Cook County, Jessie Anderson, George Turner, Julian Salazar, Elvis Slaughter, Antoinette Hines, and Mae Williams, as well as the individual capacity claims against Defendants David Fagus and Avery Hart, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   For the reasons stated below, the motion is granted in part and denied in part.

**I.      Background**[1]

Aleman currently is an inmate at the Shawnee Correctional Center in Vienna, Illinois. Between December 6, 2006 and August 8, 2008, Aleman was an inmate in the Cook County

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's second amended complaint.  See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Department of Corrections (the "CCDOC").  According to Aleman, he was assaulted by two other inmates on December 31, 2006.  At the time of the assault, the guard on duty – Defendant Antoinette Hines – was not at her post.  Once Aleman got Hines's attention following the beating, two guards took Aleman to the infirmary, where he was treated by Defendant Mae Williams, a member of medical staff at the CCDOC.  Williams cleaned Aleman's mouth with alcohol and inserted cotton balls to stop the bleeding.  Aleman, who speaks and understands only Spanish, was unable to describe his pain to Williams or to answer her questions.  Williams did not ask a Spanish speaking guard to translate.  Aleman contracted an infection in his mouth as a result of his injuries, which made it difficult for him to speak or eat.  On January 4, 2007, Aleman was taken to Cermak Hospital for treatment of the infection.  Aleman remained at Cermak on intravenous medications for eight days, during which time he was on a liquid diet because his pain prevented him from eating solid foods.  A Cermak dentist removed two of Aleman's teeth as a result of the infections in Aleman's teeth and gums.

At the time of the assault, Aleman was housed in Division 6, 2R at the CCDOC. Defendants Anderson, Turner, Salazar, and Slaughter are Superintendents of Division 6, 2R. Defendant Fagus is the Chief Operating Officer of Cermak Health Services.  Defendant Hart is the Medical Director of the CCDOC.

On November 4, 2008, Aleman filed a *pro se* complaint and a motion for appointment of counsel, which this Court granted.  Plaintiff filed a first amended complaint on December 30, 2008, with the assistance of appointed counsel.  The first amended complaint named John Doe II, in his official capacity as Superintendent of Division 6, 2R, Cook County Department of Corrections; Jane Doe I, Division 6, 2R day room Correctional Officer, Cook County Department of Corrections; and Jane Doe II, a member of medical staff, Cook County

Department of Corrections, among the Defendants.  On August 14, 2009, Plaintiff filed a second amended complaint, in which he substituted Anderson, Turner, Salazar, and Slaughter for the "John Doe II" defendant, Hines for the "Jane Doe I" defendant, and Williams for the "Jane Doe II" defendant.  The second amended complaint also named Cook County as a defendant for the first time.

Defendants move to dismiss Plaintiff's claims against Cook County, Anderson, Turner, Salazar, Slaughter, Hines, and Williams as time barred.  Defendants also seek dismissal the individual capacity claims asserted against Fagus and Hart.

## II.    Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III.   Analysis

### A.      Statute of Limitations

The statute of limitations is an affirmative defense. Because complaints are not required to anticipate affirmative defenses, dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). However, dismissal is appropriate where a plaintiff pleads himself out of court by establishing that a defendant is entitled to a statute of limitations defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("a litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). When the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by saying nothing. See *Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n.14 (7th Cir. 1998).

Defendants Cook County, Anderson, Turner, Salazar, Slaughter, Hines, and Williams, seek dismissal because they were not named as Defendants until after the statute of limitations on Plaintiff's Section 1983 claim had expired. Actions to enforce constitutional rights under

Section 1983 must be brought within the two-year time period prescribed by Illinois' personal injury statute of limitations. See *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (quoting and clarifying *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); 735 ILCS 5/13-202.  Amended suits, which add new parties after the two-year period, are untimely and will be dismissed unless relation back applies (see FED.R.CIV.P. 15(c)), or the running of the statute of limitations is tolled. See, *e.g.*, *Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 561-2 (7th Cir. 1996).

Aleman concedes that he did not amend his suit to include the movants until after the statute of limitations expired.[2]  However, with respect to Anderson, Turner, Salazar, Slaughter, Hines, and Williams, Aleman argues that he is entitled to equitable tolling under state law.  With respect to Cook County, Aleman contends that he should be permitted to add Cook County as a defendant in order to comply with the Seventh Circuit's decision in *Askew v. Sheriff of Cook County*, 568 F.3d 632 (7th Cir. 2009), which was issued on May 18, 2009.  The Court addresses each argument in turn.

### 1.    Equitable Tolling and Claims Against Anderson, Turner, Salazar, Slaughter, Hines, and Williams

In a Section 1983 action, the tolling analysis, like the statute of limitations question, is governed by state law.  *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001) (establishing that, in this circuit, "the state, rather than the federal, doctrine of equitable tolling governs cases of borrowing").  Generally, a statute of limitations may be tolled under one of two common law doctrines: equitable estoppel or equitable tolling.  *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004).  The doctrine of equitable estoppel applies in cases

---

[2] Aleman's claims are based on Defendants' alleged failure to protect him on December 31, 2006 and to provide him with adequate medical care in the days following.  Therefore, his claims accrued no later than January 2007, more than two years before he filed the second amended complaint naming Cook County, Anderson, Turner, Salazar, Slaughter, Hines, and Williams as Defendants for the first time.

where the defendant somehow prevents the plaintiff from suing within the statutory period.  *Id.* Equitable tolling permits a plaintiff to file suit after the expiration of the applicable statute of limitations "if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear*, 275 F.3d at 595.  "Equitable tolling does not require that the defendant have borne any responsibility for the plaintiff's having missed the deadline." *Fidelity Nat'l Title Insurance Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006).  The Seventh Circuit has recognized that "[a]pplication of the doctrine is appropriate, for example, when a plaintiff has 'been injured and known he was injured, at which point the statute of limitations began to run, yet [has] been unable despite all reasonable diligence to learn * * * the wrongdoer's identity.'" *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996) (quoting *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago,* 9 F.3d 1236 (7th Cir. 1993)); see also *Springman v. AIG Marketing, Inc.*, 523 F.3d 685, 689 (7th Cir. 2008).

Here, Plaintiff relies on the doctrine of equitable tolling, arguing that he was unable to learn the names of Defendants Anderson, Turner, Salazar, Slaughter, Hines, and Williams despite exercising reasonable diligence because Defendants were slow to respond to discovery requests.  In their reply, Defendants counter that Aleman has not demonstrated reasonable diligence to support the application of the equitable tolling doctrine.   Plaintiff's argument – that he was unable to identify his injurers – fits neatly within the Seventh Circuit's formulation of equitable tolling.  However, as noted above, it is Illinois' equitable tolling doctrine that applies, and the scope of the equitable tolling doctrine in Illinois far from clear.  Indeed, the Seventh Circuit has "expressed uncertainty that the doctrine of equitable tolling even exists in Illinois." *Shropshear*, 275 F.3d at 596.  As Judge Posner noted in *Fidelity National*, "it is still unresolved

whether Illinois recognizes equitable tolling [because t]he Illinois cases that mention the term seem to mean by it equitable estoppel." 436 F.3d at 839.  See also *Griffin v. Willoughby*, 867 N.E.2d 1007, 1016 (Ill. Ct. App. 4th Dist. 2006) (noting the apparently disparate formulations of equitable tolling articulated by the Illinois Supreme Court and Seventh Circuit).

In *Fidelity National*, Judge Posner opined that Illinois would accept the "commonplace" and "sensible" doctrine of equitable tolling.  436 F.3d at 839.  However, there is no need to resolve whether Illinois accepts the equitable tolling doctrine as it has been articulated by the Seventh Circuit.  Even under the Seventh Circuit's potentially more generous formulation of the doctrine, Aleman's equitable tolling argument fails.

Aleman is entitled to equitable tolling only if he can demonstrate "all due diligence" in seeking out the movants' names. *Shropshear*, 275 F.3d at 595.  As noted above, Aleman's claims accrued no later than January 2007.  Aleman waited until November 4, 2008 – just two months before the statute of limitations on his claims was to expire – to file suit.  Aleman does not allege that he made any attempts to identify the individual officers during the twenty-two months between the assault and the filing of the original complaint.  Rather, Aleman argues that his status as a prisoner alone justifies the application of the equitable tolling doctrine.  The Court disagrees.  While the Court recognizes that *pro se* inmates may be at a particular disadvantage in trying to identify the individuals responsible for their injuries (*White v. Cooper*, 55 F. Supp. 2d 848, 856 (N.D. Ill. 1999)), that does not excuse inmates from exercising reasonable diligence. Rather, that disadvantage may preclude an inmate from discovering his injurers despite diligently attempting to do so.  But this Court will not presume that any attempts by Aleman to identify the individual guards would have been futile, merely because he is an inmate.  Furthermore, had Aleman exercised more diligence in filing his suit – instead of waiting until the limitations

period was drawing to a close – he could have sought discovery earlier.[3] Because Aleman failed

to exercise reasonable diligence in attempting to identify the guards and medical personnel

recently added as defendants in this case, he is not entitled to equitable tolling.

Aleman also contends that Defendants waived any statute of limitations argument by

failing to object at any stage of discovery or to any requests by Aleman to pursue claims against

the guards and medical personnel.   Waiver applies when there has been the voluntary or

intentional relinquishment of a known right.   *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir.

2009).   The movants were not parties to this suit until they were named in the second amended

complaint.   Therefore, they had no opportunity to object, and could not have voluntarily

relinquished any rights.   Defendants' motion to dismiss the claims against Anderson, Turner,

Salazar, Slaughter, Hines, and Williams as time-barred is granted.

### 2.   Claims Against Cook County

Aleman contends that he added Cook County as a Defendant to comply with the Seventh

Circuit's decision in *Askew v. Sheriff of Cook County*, 568 F.3d 632 (7th Cir. 2009).   In *Carver v.

Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) ("*Carver II*"), the Seventh Circuit

held that a county in Illinois is a necessary party under Federal Rule of Civil Procedure 19(a)(1)

in any suit seeking damages from an independently elected county officer, such as a sheriff.   In

*Askew*, the district court, relying on *Carver II*, dismissed claims against the sheriff of Cook

County for failure to name Cook County as a party.   568 F.3d at 634.   The Seventh Circuit

---

[3] For example, in *White v. Cooper*, 55 F. Supp. 2d 848 (N.D. Ill. 1999), the court found that an incarcerated plaintiff was entitled to equitable tolling where he filed a *pro se* complaint less than four months after the incident in which he was injured, unsuccessfully sought pre-trial discovery, and – despite multiple motions for appointment of counsel – was not appointed counsel until more than two years after filing his complaint.   By contrast, here, the Court appointed Plaintiff counsel less than a week after Plaintiff filed his original *pro se* complaint.   Plaintiff's appointed counsel was diligent in seeking discovery in this case.   However, given Plaintiff's own lack of diligence in waiting until late in the limitations period to file suit in the first place, even with the assistance of counsel, Plaintiff was unable to identify movants until after the limitations period had expired.

reversed, holding that, after determining that Cook County was a required party under Rule 19(a)(1), the district court should have determined whether it was feasible for Cook County to be joined (*i.e.*, whether the presence of Cook County in the suit would destroy its subject-matter jurisdiction and whether the County was subject to service of process). *Id.* at 635.   If it determined that Cook County feasibly could be joined, the district court should have ordered the joinder of the County as a defendant under Rule 19(a)(2).   *Id.* at 636; see also FED.R.CIV.P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party").   Aleman is correct that, because he has asserted claims against the Cook County sheriff in his official capacity, Cook County is a required party under *Carver II* and *Askew.*   The pertinent issue on the motion to dismiss is whether Cook County can be added as a defendant at this late date.

Because Plaintiff is barred by the applicable statute of limitations from filing a new complaint against Cook County, his claims against Cook County will be dismissed unless relation back applies.   Rule 15(c)(1) provides, in relevant part, that amended pleadings may "relate back" as if they were filed on the date the original pleading was filed when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment:   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c); see also *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 595 (7th Cir. 2006).   Here, Aleman's claims against Cook County arise out of the same conduct and occurrence set forth in the original complaint, such that Rule 15(c)(1)(B) is satisfied.   Aleman argues that Cook County had knowledge of the action because it is responsible for any damages

and because its attorney represents other County employees in this case. Even assuming that Cook County knew about the action, relation back is not appropriate because Aleman's original complaint did not contain a mistake concerning the identity of the proper party within the meaning of Rule 15(c)(1). See *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) ("the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him"); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) ("in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him").

The Seventh Circuit has long interpreted the "mistake" clause of Rule 15 "to permit an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King*, 201 F.3d at 914 (internal quotation marks omitted) (citing *Baskin*, 138 F.3d at 704; *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall*, 469 F.3d at 595; see also *Baskin*, 138 F.3d at 704. "A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall*, 496 F.3d at 596.

In the present case, Aleman does not identify any mistake justifying the application of the relation back doctrine. Rather, he contends that he should be permitted to add Cook County as a defendant because the Seventh Circuit only recently required the inclusion of Cook County in claims for damages against an Illinois county sheriff. However, the Seventh Circuit first held

that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer, such as a sheriff, in an official capacity in *Carver II* in 2003 – five years before Plaintiff filed his original complaint. 324 F.3d at 948. Because Aleman has not satisfied Rule 15's mistake requirement, his claims against Cook County do not relate back and are barred by the statute of limitations.

### B. Individual Capacity Claims

Defendants also move to dismiss the Section 1983 individual capacity against Defendants Hart and Fagus. Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A Section 1983 individual capacity suit requires a showing of personal involvement in the alleged constitutional deprivation by the government actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Defendants contend that Plaintiff has failed to plead any factual allegations that Fagus (the Chief Operating Officer of Cermak Health Services) and Hart (the CCDOC's Medical

Director) were personally responsible for the alleged denial of adequate medical care, and the resulting constitutional deprivation. Plaintiff alleges that Hart and Fagus (i) were responsible for ensuring that inmates received adequate medical treatment; (ii) knew or should have known that Plaintiff had repeatedly requested and been denied medical treatment, and yet provided no relief; and (iii) knew about – and turned a blind eye to – the medical staff's failure to ensure that inmates received necessary medical care and treatment. Cmplt. ¶¶ 94, 96-97.

By virtue of their positions as administrator of the prison hospital and the CCDOC's medical director, Fagus and Hart realistically can be expected to know about or participate in creating systematic conditions related to the provision of medical care to inmates. See *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (reversing dismissal of deliberate indifference claim against prison hospital administrator, reasoning that "his position * * * justifies the inference at this stage of the proceeding that he does bear some responsibility for the alleged misconduct"); *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systematic jail conditions"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (refusing to dismiss individual capacity claims against sheriff and director of CCDOC that alleged "systemic violations for which the Sheriff and the Director can be expected to have personal responsibility"). Here, Plaintiff alleges that Fagus and Hart were aware of, and ignored, the medical staff's failure to ensure that Plaintiff – and inmates generally – received necessary medical care and treatment. Thus, Plaintiff's claims against Fagus and Hart are based on potentially systemic conditions for which they can be inferred to bear some responsibility, at least at this early stage. "If [Fagus and Hart] later disclaim[] knowledge and responsibility for the alleged misconduct, * * * [they] can readily identify those who were responsible." *Duncan*,

644 F.2d at 655.  Therefore, Defendants' motion to dismiss the Section 1983 individual capacity against Defendants Hart and Fagus is denied.

**IV.      Conclusion**

For the reasons stated above, Defendant's motion to dismiss [43] is granted in part and denied in part.  Defendants' motion to dismiss Plaintiff's claims against Cook County, Anderson, Turner, Salazar, Slaughter, Hines, and Williams as time barred is granted.  Defendants' motion to dismiss the Section 1983 individual capacity against Defendants Hart and Fagus is denied.

Dated:  February 9, 2010

_____
Robert M. Dow, Jr.
United States District Judge

13