Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6322 | **DATE** | 7/9/2010 |
| **CASE TITLE** | Aleman vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [60] is respectfully denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. Background

On February 9, 2010, the Court entered a memorandum opinion and order [57] that, *inter alia*, dismissed the claims against Defendants Jessie Anderson, George Turner, Julian Salazar, Elvis Slaughter, Antoinette Hines, and Mae Williams on statute of limitations grounds. Those individuals were not named as Defendants until after the statute of limitations on Plaintiff's Section 1983 claim expired. The Court concluded that Plaintiff was not entitled to equitable tolling because Plaintiff failed to allege any facts indicating that he exercised reasonable diligence in attempting to identify the guards and medical personnel between the time he learned of his injury (no later than January 2007) and the time that he filed his initial complaint 22 months later (in November 2008) – just two months before the limitations period expired.

At a status hearing held on February 23, 2010, Plaintiff's counsel indicated that she wished to file a motion for reconsideration of the Court's February 9 decision and made an oral motion for an extension of time to file such a motion. At that time, the Court expressed uncertainty as to whether it could grant an extension of time to file a motion for reconsideration. Tr. at 4 (stating that "I don't know that I can" grant a motion for extension of time to file a Rule 59(e) motion). Counsel for Defendants responded, "[i]t's your discretion." *Id*. Based on that representation, the Court granted the motion. *Id*.; see [59]. Plaintiff filed a motion to reconsider [60] on March 29, 2010 – outside the 28 days permitted by the Rules. See Fed. R. Civ. P. 59(e).

### II. Analysis

#### A. Whether Rule 59 or Rule 60 Governs Plaintiff's Motion

Rule 6(b)(2) bars courts from extending the time within which a party may move to alter or amend a judgment

| STATEMENT |
|---|

under Rule 59(e). The Seventh Circuit has held that when a motion to alter or amend a judgment under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009). Which Rule applies is relevant because, "[a]lthough both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b)." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

Because Plaintiff's motion to reconsider is untimely under Rule 59, the Court must treat it as a Rule 60 motion unless the "unique circumstances" doctrine applies. The "unique circumstances" doctrine excuses a late filing where the party "has received specific assurance by a judicial officer that [the] act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179 (1989); see also *Robinson v. City of Harvey*, 2003 WL 21696191 (N.D. Ill. July 21, 2003); *Spencer v. Dawson*, 2007 WL 2892640 (N.D. Ill. Sept. 28, 2007). The Seventh Circuit has "taken a narrow view of the *Osterneck* rule," holding that "[m]erely entering a minute order that apparently extends the time for filing a motion under Fed. R. Civ. P. 59, for example, is not enough to count as a 'specific assurance' from the court." *Properties Unlimited, Inc. Realtors v. Cendant Mobility Services*, 384 F.3d 917, 921 (7th Cir. 2004). The Seventh Circuit also has held that "it cannot be enough if the district court announces that it is giving the parties more time than the rules permit, because the rules then would impose no limits on the court's discretion." *Id.* at 921-22. Rather, in this circuit, "the 'unique circumstances' exception is available only when there is a genuine ambiguity in the rules to begin with, and the court resolves that ambiguity in the direction of permitting additional time to appeal." *Id.* at 922.

Here, the Court finds no basis for applying the "unique circumstances" doctrine. First, there is no ambiguity in the rules. Moreover, there was no "act of affirmative representation by a judicial officer." *Green v. Bisby,* 869 F.2d 1070, 1072 (7th Cir. 1989). Rather, the motion for extension of time was granted only after counsel for Defendants assured the Court that such an extension was permitted in the exercise of its discretion and counsel for Plaintiff did not correct that assurance. See *Robinson v. City of Harvey*, 2003 WL 21696191 (N.D. Ill. July 21, 2003) (finding that the unique circumstances doctrine did not apply where party represented to the court orally that it could extend time under Rule 59). However, the Court hastens to add that, as explained below, the confusion over the timing of Plaintiff's motion for reconsideration ultimately has no effect on the disposition of the motion, because even if Rule 59(e) did govern Plaintiff's request for reconsideration, Plaintiff's motion would be denied.

### B.  Plaintiff Fails to Present New Evidence for Purposes of Either Rule 59 or Rule 60

In his motion for reconsideration, Plaintiff contends that he did in fact exercise due diligence in the 22 months before filing his complaint, and asks the Court to consider those efforts on reconsideration. Plaintiff casts the efforts that he made to identify Defendants between January 2007 and November 2008 as "newly discovered evidence."

Both Rule 59(e) and Rule 60(b) can be used to draw the Court's attention to newly discovered evidence. See *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (court may alter or amend a judgment under Rule 59(e) when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact"); Fed. R. Civ. P. 60(b) ("the court may relieve a party or its legal representative from a final judgment, order, or proceeding" where there is "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). Under Rule 60(b)(2), the movant must demonstrate that the evidence could not have been discovered in time to file a Rule 59 motion. To support a Rule 59(e) motion for reconsideration based on newly

| STATEMENT |
|---|

discovered evidence, the moving party must show that he did not know and could not have discovered with reasonable diligence the evidence proffered in the motion for reconsideration until after judgment was rendered. *Caisse Nationale de Credit v. CBI Industries,* 90 F.3d 1264, 1269 (7th Cir. 1996).

The evidence at issue simply cannot properly be characterized as "newly discovered evidence" for purposes of either Rule. As of the date on which Plaintiff filed his second amended complaint (with the assistance of newly appointed counsel), Plaintiff plainly was aware of any efforts that he made – in short, the extent of his due diligence. However, Plaintiff's second amended complaint pleads no facts that would allow this Court to infer that he exercised due diligence prior to filing his initial complaint. Because Plaintiff cannot show that evidence of his due diligence previously was unknown to him, it does not constitute "newly discovered evidence." And any difficulties that Plaintiff may have had in communicating the relevant information to counsel in the short period between counsel's appointment and the expiration of the limitations period so that the information could be incorporated into the amended complaint is part and parcel of the same core problem – namely, that Plaintiff took no formal action to initiate his lawsuit until long after the events giving rise to his claim took place.

Plaintiff attempts to get around the fact that he could have raised the evidence at issue earlier by arguing that he could not have discovered the *importance* of the evidence until this Court issued its February 9 opinion. That argument is not persuasive, particularly in light of the fact that Plaintiff filed the operative complaint with the assistance of counsel. Equitable tolling permits a plaintiff to file suit after the expiration of the applicable statute of limitations "if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). A "plaintiff seeking equitable tolling bears the burden of establishing that he pursued his rights diligently." *Lakin v. Skaletsky*, 327 Fed.Appx. 636, 637 (7th Cir. 2009). Plainly, a plaintiff must exercise due diligence from the time that he learns about his injury. Moreover, the relevant case law clearly illustrates the importance of the evidence that Plaintiff now calls to the Court's attention.

In opposition to Defendants' motion to dismiss, Plaintiff took the position that his status as an inmate was sufficient to toll the statute of limitations because inmates have few if any opportunities to conduct pre-complaint inquiry. The Court rejected that argument, noting that if Plaintiff had been more diligent in filing his suit, he would have had sufficient time to identify those who injured him and could have availed himself of the Court's assistance. At a minimum, Plaintiff would have had the Court to turn to for aid in obtaining discovery materials. In addition, Plaintiff could have asked the Court to assist him by recruiting *pro bono* counsel at an earlier stage. As it is, the Court did locate *pro bono* counsel for Plaintiff, but Plaintiff's failure to initiate his lawsuit until twenty-months after his injuries accrued left counsel with precious little time to investigate Plaintiff's claims before the limitations period lapsed on some of those claims. Counsel has made substantial efforts on Plaintiff's behalf, but was unable to identify within the severely truncated portion of the limitations period left after the filing of the initial lawsuit (and counsel's appointment shortly thereafter) all of the Defendants whom Plaintiff now alleges played a role in inflicting his injuries, as Seventh Circuit law cited in the February 9 opinion holds Plaintiff must do.

In short, contrary to the position that Plaintiff takes in his motion, he really is seeking a second bite at the equitable tolling apple. Unfortunately for Plaintiff, reasserting an old argument in slightly new form is not an appropriate basis for seeking relief under either Rule 59 or Rule 60.

### C. The Additional Evidence Does Not Compel the Application of Equitable Tolling

Even if the Court were to consider the additional evidence adduced by Plaintiff, it would not justify the granting of a motion for reconsideration. Plaintiff argues that he is entitled to equitable tolling because his inability to speak English, combined with the difficulties that he had identifying Spanish speaking inmates and guards and the fact that he was transferred at least twice to a new unit, made it impossible for him to identify the unknown defendants. He also contends that both the language barrier and a lack of access to the prison library interfered with his ability to draft a complaint.

Plaintiff's new allegations are not sufficient to justify equitable tolling. It appears that Plaintiff made a single attempt to identify the defendants, when, in March 2007, he asked Sergeant Martinez for the name of the guard that was assigned to the unit on the day of the attack and the name of the superintendent. Martinez told Plaintiff that he would try to obtain the information but he never did. That lone attempt does not amount to due diligence.

With respect to diligence in filing suit, according to Plaintiff, he attempted to use the prison law library in December 2007, but was turned away because he did not face a legal deadline. In January 2008, Plaintiff accessed the library, but could not use the resources as a result of the language barrier. Finally, in February 2008, Plaintiff met a bilingual inmate willing to assist him in drafting a complaint. Plaintiff contends that he completed a complaint at the end of March 2008, and that he sent the complaint to the Circuit Court of Cook County in May 2008. On May 14, 2008, the Clerk of the Circuit Court of Cook County sent Plaintiff a letter on rejecting the complaint because Plaintiff had not submitted certain forms. Plaintiff then submitted the requested forms, but received no response from the state court.

While the Court is not unsympathetic to Plaintiff's circumstances, the Court cannot find that Plaintiff has alleged sufficient grounds for equitable tolling under the law of this circuit. The Seventh Circuit has held that limited access to the prison law library, prison transfers, and language barriers are not cognizable grounds for equitable tolling. See *Tucker v. Kingston,* 538 F.3d 732, 734-35 (7th Cir. 2008) (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling); *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001). And while it appears that Plaintiff was diligent in pursuing his rights beginning in February 2008, his efforts for more than a year leading up until that time were minimal.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration [60] is respectfully denied.