**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Alvaro Aleman, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 6322 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Robert M. Dow, Jr. |
| Thomas Dart, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO STRIKE UNKNOWN OFFICERS

NOW COME Defendants DART, GODINEZ, HART, and FAGUS, through their attorney ANITA ALVAREZ, by her assistant Mary E. McClellan, Assistant State's Attorney, and move this Court to strike Plaintiff's claim against JOHN DOE's III and IV. In support, Defendants state as follows:

### INTRODUCTION

Plaintiff brings this suit pursuant to 42 U.S.C § 1983 for claims arising out of an incident that occurred between December 31, 2006 and January 11, 2007. (Plaintiff's Second Amended Complaint, Dkt. No. 42). Plaintiff's Complaint identifies eleven (11) named defendants and includes two (2) unnamed defendants, titled "John Doe III and John Doe IV." *Id.* Plaintiff failed to identify and serve these "John Does." Defendants should be stricken from this lawsuit because they have not been properly served and Plaintiff's claim is now time-barred based upon federal statute of limitations. Plaintiff has failed to replace the John Does with named defendants in Count II A—Correctional Officers- Direct Liability for failure to Provide Medical Aid.

**ARGUMENT**

I. Plaintiff Failed to Serve Defendants John Doe III and John Doe IV Process

Federal Rule 4(m) requires that a summons and complaint "must be served within 120 days after the complaint is filed, unless the plaintiff is able to show "good cause" why process should not be served within that time. Fed. R. Civ. P. 4(m). Plaintiff named all defendants in the Complaint "on or about June or July 2008." (Plaintiff's Second Amended Complaint, ¶ 51). Defendants bring this motion in July 2010, more than 2 years after John Does III and IV were named, and they are still without service.

Plaintiff is not entitled to excuse this delay of service with "good cause." That standard is applied narrowly to "protect only those litigants who have exercised meticulous care in attempting to complete service." Fed. R. Civ. P. 4(m). Plaintiff has failed to show meticulous care in attempting service where he has allowed two years to pass without identifying these two unnamed defendants. "Good cause" may be applied at the court's discretion concerning pro se litigants. *Id.* However, Seventh Circuit authority holds that neither pro se status nor inexperience with Federal Procedure will excuse compliance with 4(m). *See Rose v. United States Postal Serv.*, 352 Fed. Appx. 82, 84 (7th Cir. Ill. 2009) ("To hold that complete ignorance of Rule 4(m) constitutes good cause…would allow the exception to swallow the rule"). Plaintiff showed he was capable of serving other named defendants in this case, demonstrating at least some understanding of Rule 4(m). Thus, Plaintiff is not entitled to excuse his delay of service with "good cause." As such, Plaintiff has failed to provide service on Defendants John Doe III and IV within the 120-day period, and they should be stricken from this lawsuit.

II. <u>Plaintiff's § 1983 Claims Are Barred by the 2-Year Statute of Limitations</u>

Even if Plaintiff's violation of Rule 4(m) is not enough to strike John Does III and IV from this suit, Plaintiff's claim against these unnamed defendants is barred by the applicable 2-year statute of limitations, based on the state's statute of limitations for personal injury in the state where the injury occurred. *Kelly v. City of Chicago,* 4 F.3d 509, 510 (7th Cir. 1993).

In Illinois, personal injury actions are subject to a 2-year statute of limitations. 735 ILCS 5/13-202. Accordingly, the applicable statute of limitations on § 1983 claims in Illinois is two (2) years. *See Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998) (noting that the 2-year personal injury statute of limitations under 735 ILCS 5/13-202 applies to § 1983 claims in Illinois). Plaintiff had to identify and name the John Doe correctional officers by January 11, 2009, yet his Second Amended Complaint, filed August 14, 2009, still only refers to them as John Does III and IV. Thus, Plaintiff's § 1983 claim under Count II-A is time-barred and John Does III and IV should be stricken from this lawsuit.

III. <u>Any Additional Amendment to the Pleadings Will Not "Relate Back"</u>

Plaintiff is barred from any future attempt to amend his Complaint to identify the John Does under Rule 15(c). Leave to file an amendment to pleadings when the statute of limitations has passed will only be granted if the amendment relates back to the date of the original pleadings. Fed. R. Civ. Pro 15(c)(1). Rule 15(c)(1)(C) requires that the party brought in by amendment (1) received notice of the action such that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Id.*

The necessity of mistake is fatal to any attempt by Plaintiff to amend the pleadings to identify the John Does. A plaintiff's lack of knowledge of misunderstanding about who is liable for his

injury is not a mistake for the purposes of Rule 15(c). *See Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006) (noting that a mistake concerning the identity of the proper party does not apply where plaintiff simply lacks knowledge of the proper defendant.) The mistake requirement is also independent from whether the purported substitute party knew that the action would be brought against him. *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir. 1998).

In the instant case, Plaintiff failed to identify the John Does within the statute of limitations period. Rule 15(c) does not apply because Plaintiff's failure to identify the two correctional officers cannot be attributed to mistake. Plaintiff simply did not, and still does not, know the names of these correctional officers. Even if John Does III and IV knew the action may be brought against them, "not knowing a defendant's name is not a mistake under Rule 15(c)." *Jackson v. Kotter,* 541 F.3d 688, 696 (7th Cir. 2008). Thus, Plaintiff fails to satisfy the mistake requirement of Rule 15(c)(1)(C), and is barred from amendment with relation back.

WHEREFORE, Defendants DART, GODINEZ, HART, and FAGUS pray that this Honorable Court strike John Doe III and John Doe IV from this lawsuit.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    */s/ Mary E. McClellan*
        Mary E. McClellan
        Assistant State's Attorney
        Torts / Civil Actions Bureau
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3374